IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **MICHAEL J. DUBOSE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 7:13-CV-00152 –HL-TQL |
| VS. | : | |
| | : | |
| Warden **MARTY ALLEN, et. al.,** | : | |
| | : | |
| Defendant. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |

### ORDER AND RECOMMENDATION

Plaintiff Michael J. Dubose, a prisoner confined at Valdosta State Prison in Valdosta, Georgia, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983 and has been granted leave to proceed *in forma pauperis*. The filing fee was not waived, however; Plaintiff is obligated to pay the full $350.00 filing fee using the payment plan as described in 28 U.S.C. § 1915(b) and ordered herein. The Clerk is thus **DIRECTED** to send a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently incarcerated.

The undersigned has also conducted a preliminary review of Plaintiff's Complaint (Doc. 1) and Supplement (Doc. 6), as required by 28 U.S.C. § 1915A(a), and will allow Plaintiff to go forward with a claim for violation of his First Amendment right to access the courts. It is **RECOMMENDED**, however, that all other claims against Defendant Allen be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.

**STANDARD OF REVIEW**

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, however, still subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a § 1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.

See Twombly, 550 U.S. at 555-556.

## STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of Plaintiff's confinement at Valdosta State Prison (VSP). The Complaint alleges that Defendant Warden Marty Allen created "fake" disciplinary charges to keep Plaintiff in lockdown. According to Plaintiff, no disciplinary report was ever filed with respect to these charges and no disciplinary hearing was held. However, these charges were allegedly used as justification for Plaintiff's continued confinement in punitive segregation. Plaintiff's Complaint also alleges that Plaintiff has been "harassed" by Defendant Allen and other officers; that Allen forced Plaintiff to stop taking G.E.D. classes when he was placed in lockdown; that Allen has denied Plaintiff's requests for transfer; and that Allen maliciously stole, lost and/or destroyed Plaintiff's legal papers and denied him access to a law library.

Based on these and other allegations contained in his pleadings, the undersigned presumes that Plaintiff has attempted to state a Fourteenth Amendment due process claim, an Eighth Amendment conditions of confinement claim, a Fourteenth Amendment equal protection claim, and a First Amendment claim for denial of his right to access the courts.

1.  Due Process Claims

Plaintiff first claims that Defendant Allen created "fake" disciplinary charges in September 2013 to keep him in lockdown. According to the Complaint, Plaintiff was first placed in lockdown in August of 2013 after being "falsely" accused of another disciplinary infraction. Plaintiff apparently challenged the August 2013 charge in a disciplinary hearing, was able to "take care of that charge in D.R. court," and was waiting to be returned to general population at the time Defendant Allen created additional false charges in September of 2013. As a result of the new charges, Plaintiff was placed back into "lock down;" however, no disciplinary report was filed, and

Plaintiff was not provided any opportunity to rebut these charges in a disciplinary hearing.

Even when considered in the light most favorable to Plaintiff, these allegations do not state a § 1983 due process claim. Prisoners do not have a constitutionally guaranteed immunity from being falsely or wrongly accused of conduct. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) (prison disciplinary charge), cert. denied, 108 S.Ct. 1273 (1988). "[T]he Constitution requires only that Plaintiff be afforded due process at [an] institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. Freeman, 808 F.2d at 952; see also Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)." Owens v. Leavins, No. 5:05-CV-228, 2006 WL 2640275, at *6 (N. D. Fla. Sept. 13, 2006). Thus, in this case, Plaintiff can state a due process claim only if he has alleged sufficient facts to show that the lack of a disciplinary hearing violated his rights under the Due Process Clause.

To state a procedural due process claim, a prisoner must allege more than that he was confined in punitive segregation without being afforded a disciplinary hearing. See Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). "[T]he Due Process Clause does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (quoting Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983)). A constitutional injury occurs only if the prisoner's punitive confinement (1) "affect[s] the duration of his sentence;" or (2) "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In this case, Plaintiff's Complaint and Supplement show that he was first accused of the

new charges on September 11, 2013,[1] and filed this action a little more than a month later on or about October 24, 2013.[2]  Thus, at the time of filing, Plaintiff had only been in lockdown (with respect to these charges) for forty-three days.  Such a short period of confinement in punitive segregation does not necessarily impose an atypical and significant hardship on an inmate or otherwise implicate a liberty interest under Sandin.[3] Id. See also e.g., Rodgers v. Singletary, 142 F.3d 1252, 1252–53 (11th Cir.1998) (confinement for "approximately two months" insufficient to establish protected liberty interest); Sealey v. Giltner, 197 F.3d 578, 587–89 (2d Cir. 1999) (due process not implicated when in administrative segregation for 101 days).  In fact, Plaintiff has failed to allege any fact to show that his confinement either affects the duration of his sentence or otherwise imposes an atypical and significant hardship in relation to the ordinary incidents of prison life.  Plaintiff has thus failed to show that he has suffered a constitutional injury, as is required to state a due process claim.

To the extent Plaintiff also attempted to state a due process claim based on the denials of his requests for transfer and for access to educational courses, these allegations also do not describe violations of Plaintiff's rights under the Due Process Clause.  Prisoners have no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison. See Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008) (citing Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (no due process protections

---

1 It does not appear that Plaintiff is attempting to state a claim based upon the false charges made in August of 2013. He alleges that he was provided a hearing with respect to that offense and does not challenge the adequacy of those proceedings. See Freeman, 808 F.2d at 951. See also, Searcy v. Culliver, No. 06-0126, 2008 WL 926588, at *7 (S.D. Ala. 2008) (no due process violation where prisoner received hearing in connection with his segregated confinement).
2 A prisoner complaint is deemed filed on the date the plaintiff signs the document and delivers it to prison officials for mailing. See Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).
3 Even if the Court was to consider the aggregate time Plaintiff was in lockdown after August 11, 2013, (roughly seventy-four days), his allegations are still insufficient to state a due process claim.   This period of time is again less than what has been found to implicate a liberty interest under Sandin. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (no liberty interest implicated as to six months of administrative segregation); Al– Amin v. Donald, 165 F. App'x. 733 (11th Cir. 2006) (unpublished) (thirty-month confinement not violative of due process).

were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate); Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976) (prison officials have full discretion to control conditions of confinement, including prisoner classification) (citing 18 U.S.C. § 4081)). Prisoners likewise have "no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs." Hernandez v. Koon, No. CV411–071, 2011 WL 1884229, at *1 (S.D. Ga. May 17, 2011) (citation omitted).

Plaintiff has further failed to state a due process claim based on the alleged taking of his personal property. The Due Process Clause of the Fourteenth Amendment is not offended when a government official deprives an individual of his personal property so long as the State makes available a meaningful post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property. See O.C.G.A. §§ 51-10-1 through 51-10-6. See also, Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (finding no due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1); Byrd v. Stewart, 811 F.2d 554, 555 n. 1 (11th Cir. 1987) (same). Thus, even if Plaintiff's allegations are true, Defendant's seizure and/or destruction of Plaintiff's personal property does not state a claim under the Due Process Clause.

Plaintiff has therefore failed to state any cognizable due process claim, and it is **RECOMMENDED** that these claims be **DISMISSED** without prejudice under § 1915A(b)(1).

2. Eighth Amendment Claims

Plaintiff also appears to have attempted to state an Eighth Amendment conditions of confinement claim. Plaintiff complains generally about the conditions of lockdown (stating that

6

his "life is in jeopardy" because he is confined in a close security camp) and alleges that Defendant Allen and other officers are "harassing" him.

The Complaint, however, does not describe unconstitutional conditions in lockdown. Plaintiff merely concludes that the restrictions placed on in him lockdown are unconstitutional (i.e., the loss of personal property and limited access to legal materials and educational classes). The conditions imposed in "administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." Sheley, 833 F.2d 1420, 1428–29 (11th Cir. 1987). "Although prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," and "[u]nder certain circumstances, administrative segregation is a necessary limitation of privileges and rights that incarceration demands."  Sandin, 515 U.S. at 485.

Defendant Allen's alleged harassment of Plaintiff also does not rise to the level of "cruel and unusual punishment" as required to state an Eighth Amendment claim.  Generally speaking, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).  In this case, Plaintiff only alleges that Defendant Allen verbally harassed him and stole his personal property, i.e., his papers, books, watch, necklace, fan, and shoes.  While these allegations may be true, the Constitution does not generally protect inmates against "[f]ear or emotional injury which results solely from verbal harassment or idle threats." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).  Thus, an allegation of "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir.2008); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening

7

language and gestures of a custodial officer do not, even if true, amount to constitutional violations"). Plaintiff has likewise failed to show that the loss of his personal property and access to the law library and educational classes was inhumane or caused him to be deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). His Complaint thus fails to state an Eighth Amendment claim.

It is accordingly **RECOMMENDED** that any Eighth Amendment claims also be **DISMISSED** without prejudice for failure to state a claim.

3. Equal Protection Claim

Plaintiff may have also attempted to state a Fourteenth Amendment equal protection claim. In his Complaint, Plaintiff makes the conclusory allegation that Defendant Allen's actions have denied him "equal protection." His pleading, however, does not allege facts to support this claim. Plaintiff's Complaint and Supplement do not allege that Plaintiff was treated differently based on a constitutionally protected interest or identify facts sufficient to state a possible "class of one" equal protection claim. See Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001); Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006)). Any attempted "equal protection claim" thus fails, and it is **RECOMMENDED** that this claim be **DISMISSED** without prejudice.

4. First Amendment Claim

The undersigned further construes Plaintiff's Complaint to include a First Amendment access to the courts claim. Again, Plaintiff's Complaint and Supplement allege that Defendant Allen seized or destroyed Plaintiff's legal papers, and has denied him access to a law library.

It is well-settled that prisoners have a constitutional right to access to the courts. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). This right, however, is not unlimited. Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)." Miller v. Conway, 1:12–

CV–91, 2013 WL 1729405, at * 6 (N.D.Ga. March 28, 2013).  To state a constitutional claim, a plaintiff must show that he suffered an "actual injury."  Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir.1998) (citing Lewis, 518 U.S. at 346.  "An inmate must prove that the defendants' actions hindered or frustrated his efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. Lewis, 518 U.S. at 354, 116 S.Ct. at 2181–82."  Denney v. Nelson, No. 08–10391, 304 F. App'x 860, 863 (11th Cir. 2009).  Therefore, "an access-to-the-courts claim may not proceed without an allegation of actual injury regarding prospective or existing litigation – such as missing filing deadlines or being prevented from presenting claims – while in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Johnson v. Forsyth County Bd. Com'rs, 2:12–CV–00108, 2013 WL 1337219, at *4 (N.D.Ga. Jan. 03, 2013) (citing Wilson, 163 F.3d at 1290 & n. 10) (internal quotations omitted).

Here, Plaintiff has alleged that Defendant Allen maliciously stole or destroyed his legal papers and that the loss of these legal papers hindered his ability to make a timely filing in his state habeas action.  When viewing these allegations liberally and in the light most favorable to Plaintiff, the undersigned finds that discovery may produce evidence to support this First Amendment claim.  See id.  This claim against Defendant Allen will thus be allowed to proceed for further factual development.

Plaintiff should not be permitted to proceed with a claim based on an alleged denial of access to a law library, however.  A prisoner has no "abstract, freestanding right to a law library or legal assistance." Lewis, 518 U.S. at 351.  A prisoner alleging a lack of access to a law library must also show that he has suffered an "actual injury," i.e., demonstrate that the lack of access to the law library has hindered his efforts to pursue a specific legal claim that challenged his

conviction (directly or collaterally) or conditions of confinement. Id. at 354-55.   Here, Plaintiff has only alleged that he has been denied access to the law library while in lockdown.   He has not alleged that this denial actually hindered his ability to litigate a qualified, non-frivolous lawsuit. It is thus **RECOMMENDED** that any First Amendment claims arising from an alleged lack of access to a law library be **DISMISSED** without prejudice for failure to state a claim.

## CONCLUSION

Therefore, after having conducted a preliminary review of Plaintiff's Complaint (Doc. 1) and Supplement (Doc. 6), as required by 28 U.S.C. § 1915A(a), the undersigned finds that Plaintiff's First Amendment claim based upon Defendant Allen's alleged seizure and/or destruction of Plaintiff's legal papers should be permitted to go forward for further factual development.   It is accordingly **ORDERED** that service be made on Defendant Allen and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is also reminded of his duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service. See Fed. R. Civ. P. 4(d).

It is **RECOMMENDED** that all other claims against Defendant Allen be **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b) for failure to state a claim. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.   28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly

advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an

answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED and DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted

by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 3rd day of January, 2014.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr