IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL J. DUBOSE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7 :13-CV-152 (HL) |
| | : | |
| WARDEN MARTY ALLEN, | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

Plaintiff, proceeding *pro se*, brought the above-styled action pursuant to 42 U.S.C. § 1983 on November 15, 2013. (Doc. 1). Defendant's Motion to Dismiss is presently pending in this action. (Doc. 12).

**Background**

Plaintiff alleges in his Complaint that on September 17, 2013, Defendant inspected Plaintiff's cell at Valdosta State Prison ("VSP"), where Plaintiff kept legal mail on the floor under his locker box. (Doc. 1). Plaintiff maintains that Defendant searched through Plaintiff's personal items, removed "everything in that area," and warned Plaintiff that items would be thrown away next time. *Id.* Plaintiff further contends that sometime later Defendant moved Plaintiff to another room, and during this move, Plaintiff's legal work was stolen. *Id.* The Complaint alleges that the taking of Plaintiff's legal work made him "late on filing paper work in the correct time frame," and caused Plaintiff to be "denied certain things." *Id.* Plaintiff explains in his Supplemental Complaint that the allegedly stolen legal papers related to a state habeas corpus action. (Doc. 6). The Supplemental Complaint further states that Plaintiff sent a document to the court to explain his late filing. *Id.* Plaintiff did not, at the time of his

Supplemental Complaint, know whether the court accepted his explanation. *Id.*

In this Court's initial review, the undersigned determined that Plaintiff's claim that Defendant violated Plaintiff's First Amendment right to access the courts could go forward, but the undersigned recommended that all other claims be dismissed. (Doc. 7). The district judge adopted the undersigned's Recommendation on January 24, 2014. (Doc. 10). Defendant's pending Motion to Dismiss asserts, in part, that Plaintiff's First Amendment claim should be dismissed because he did not exhaust his administrative remedies. (Doc. 12). Plaintiff has not filed a response to Defendant's Motion to Dismiss.

## Analysis

A prisoner seeking to bring a claim pursuant to § 1983 must first exhaust his administrative remedies under the prison's grievance system. The Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title. . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005).

The Eleventh Circuit created a two-step inquiry courts must implement when deciding a motion to dismiss for a failure to exhaust administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The two steps are as follows:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed . . . . If the complaint is not subject to dismissal at the first step, where the

> plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Id.* (internal citations omitted).

A review of the factual allegations in Defendant's Motion to Dismiss and in Plaintiff's Complaint reveals a conflict. Plaintiff maintains in his Complaint that he did not file a grievance for the alleged taking of his legal documents because "[o]fficers or counslers [sic] denied [him] access to a Grievance and did not give [him] one, every time [he] asked for one." (Doc. 1). Defendant, however, contends that Plaintiff had access to the grievance process at VSP. (Doc. 12-2).

A remedy must be "available" in order for the remedy to be exhausted. *Turner*, 541 F.3d at 1084. "[T]o be available a remedy must be capable of use for the accomplishment of its purpose. Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available." *Id.* (internal quotations omitted) (internal citations omitted). Therefore, accepting Plaintiff's allegation that he was denied access to the grievance process as true, Plaintiff's claim should not be dismissed under the first step of *Turner*. The Court must now resolve the disputed facts under the second *Turner* step.

Exhaustion of administrative remedies requires compliance with an agency's procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To remedy a prison complaint, a plaintiff must complete a two-step process consisting of filing an original grievance and filing a central office appeal. Georgia Dep't of Corr., Standard Operating Procedure, IIB05-0001 (Dec 2012); (Doc 12-3).

Review of an affidavit from Shundra Woods, Grievance Coordinator at VSP, and of Plaintiff's grievance history at VSP, establishes the presence of a grievance system and that Plaintiff filed nine grievances at VSP between September 28, 2013 and February 17, 2014.

(Docs. 12-2, ¶ 23, 12-4). Defendant maintains, and is supported by Woods' affidavit, that grievance forms are provided to inmates upon request. (Docs. 12-1, 12-2, ¶ 8). Defendant further contends, supported by Woods' affidavit and Plaintiff's grievance history, and Plaintiff admits in his Complaint, that Plaintiff did not file a grievance regarding the taking of Plaintiff's legal documents before bringing this action. (Docs. 1, 12-1, 12-2, ¶ 21, 12-4).

Plaintiff's grievance history demonstrates that Plaintiff was familiar with and had access to the grievance process at VSP. Plaintiff filed one grievance at VSP before initiating this suit, and at least eight grievances thereafter. (Doc. 1). Plaintiff filed Grievance 158583 on September 28, 2013, eleven days after the date of the initial incident alleged in Plaintiff's Complaint. (Doc. 12-4). Woods' affidavit relates that Grievance 158583 concerned Plaintiff's ability to receive personal mail and photos from family members and never mentioned that his legal papers were lost, confiscated, or stolen. (Doc. 12-2, ¶ 21). Woods' affidavit also states that Plaintiff has not filed a grievance regarding lack of access to the grievance process, nor has he attempted to file an out of time grievance alleging that his legal papers were stolen. *Id.* ¶ 22.

Plaintiff has not refuted Defendant's evidence that Plaintiff had access to the grievance process and that Plaintiff failed to exhaust the administrative remedies available to him as required under the PLRA. The Court finds that Plaintiff has not exhausted the claim that Defendant violated Plaintiff's First Amendment right to access the courts by taking his legal papers. Plaintiff failed to utilize available administrative remedies to grieve the alleged offenses committed by Defendant. Consequently, the undersigned recommends that Defendant's Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 3rd day of October, 2014.

                                                  s/ *THOMAS Q. LANGSTAFF*
                                                 UNITED STATES MAGISTRATE JUDGE

rmf